# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAYMEE ZABIENSKI, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 12-CV-0130-CVE-TLW ) |
| ONB BANK AND TRUST, | ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Now before the Court are Defendant's Motion to Dismiss (Dkt. # 5), Defendant's Alternative Motion to Stay (Dkt. # 6), and Defendant's Motion for Summary Judgment and Brief in Support (Dkt. # 16). Defendant moves, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss plaintiff's claim for lack of subject matter jurisdiction. In the alternative, defendant moves to stay this case pending the outcome of a case before the United States Supreme Court. Defendant also moves for summary judgment.

### I.

Plaintiff's complaint alleges that defendant has violated the Electronic Fund Transfer Act (EFTA), 15 U.S.C. § 1693, et seq., by failing to post a notice "on or at" its automated teller machine (ATM) stating that it charges a fee. Plaintiff alleges that, on September 15, 2011, she made a cash withdrawal from an ATM operated by defendant. Plaintiff further alleges that defendant charged her a $1.50 fee for this transaction and that the ATM did not have a notice posted on the machine advising that a fee would be charged. The complaint seeks statutory damages in an amount to be determined by the Court, as well as costs and a reasonable attorney's fee.

In support of its motion for summary judgment, defendant has submitted an affidavit from its Vice President of Compliance, Bank Secrecy Act and Community Reinvestment Act, Amber Deramus. Dkt. # 16-1. Deramus' affidavit states that she is responsible for overseeing defendant's compliance with federal regulations in Tulsa, Oklahoma, and that she conducts routine inspections of ATMs to ensure compliance with the EFTA's notice provisions. Deramus stated that she conducted an inspection of the ATM in question on or about July 15, 2011, and that the physical fee notice sign was in place at that time. She further stated that she conducted an inspection on September 27, 2011, and discovered that the physical fee notice sign had been removed. She replaced the sign and conducted an investigation of the employees at that branch and/or who had responsibilities for ATMs in the area "to determine whether any ONB employee had removed or damaged any fee notice that had been posted on the Subject ATM." Id. at 3. Deramus stated that her "investigation showed that no employee of ONB removed or damaged any fee notice that had been posted on the Subject ATM between July 15, 2011 and September 27, 2011." Id. Defendant has also submitted an affidavit from its Assistant Vice President and Auditor, Tammy Torix, which states that Torix accompanied Deramus during her ATM inspection on September 27, 2011. Torix's statement corroborates Deramus' account of that inspection. Dkt. # 16-2 at 2.

**II.**

Defendant asserts that plaintiff lacks standing to bring suit and that her complaint should be dismissed under Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction and, as the party seeking to invoke federal jurisdiction, plaintiff bears the burden of proving that jurisdiction is proper. See Southway v. Cent. Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003). A court lacking jurisdiction "cannot render judgment but must dismiss the cause at any stage of the

proceedings in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss under Rule 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs, Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal quotations omitted). Here, defendant has facially attacked the sufficiency of the complaint's allegations as to the existence of subject matter jurisdiction. Where a motion to dismiss is based on a facial attack, courts "apply the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action." Muscogee (Creek) Nation v. Okla. Tax Comm'n, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleadings standard for all civil actions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the

3

allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB–TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Comm'rs, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.3d 1106, 1109–10 (10th Cir. 1991).

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(a) mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

"When the moving party has carried its burden under Rule 56[a], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could

4

reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III.

The EFTA requires that an ATM operator charging fees to ATM users must give notice that a fee will be charged and disclose the amount of the fee. 15 U.S.C. § 1693b(d)(3)(A). Notice is required "in a prominent and conspicuous location" on the machine itself, as well as on the screen at some point "after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction . . . ." 15 U.S.C. § 1693b(d)(3)(B). The EFTA makes any ATM operator who has violated the statute liable to consumers for actual damages, statutory damages, court costs, and a reasonable attorney's fee. 15 U.S.C. § 1693m.

**A.     Defendant's Motion to Dismiss**

Defendant asserts that plaintiff cannot recover statutory damages because "she has not been injured in fact, and therefore, lacks standing under Article III of the U.S. Constitution to proceed on her own or as a class representative."[1] Dkt. # 5 at 3. Article III of the United States Constitution limits federal courts to the adjudication of "cases or controversies." U.S. CONST. art. III, § 2, cl. 1. "The standing inquiry ensures that a plaintiff has a sufficient personal stake in a dispute to ensure

---

[1]    Defendant also asserts that plaintiff cannot recover actual damages because she has failed to allege detrimental reliance. However, as plaintiff notes in her opposition to defendant's motion, "it is quite clear that Plaintiff is not seeking actual damages under the EFTA . . . ." Dkt. # 15 at 5. Thus, defendant's argument regarding actual damages is inapposite.

5

the existence of a live case or controversy which renders judicial resolution appropriate." Tandy v. City of Wichita, 380 F.3d 1277, 1283 (10th Cir. 2004); see also Allen v. Wright, 468 U.S. 737, 750–51 (1984). The Supreme Court has recognized three elements for standing under Article III:

> First, the plaintiff must have suffered an "injury in fact" - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of - the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court. Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). The standing requirement ensures that "the legal questions presented to the court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action." Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982). The primary focus for any analysis of standing under Article III "is whether plaintiff has suffered a present or imminent injury, as opposed to a mere possibility, or even probability, of future injury." Morgan v. McCotter, 365 F.3d 882, 888 (10th Cir. 2004). The Court must determine if the plaintiff has standing "as of the time the action is brought." Nova Health Sys. v. Gandy, 416 F.3d 1149, 1154–55 (10th Cir. 2005). The party invoking the jurisdiction of a federal court has the burden to establish Article III standing. New Eng. Health Care Emps. Pension Fund v. Woodruff, 512 F.3d 1283, 1288 (10th Cir. 2008).

Defendant argues that, because plaintiff does not seek actual damages, she cannot meet the requirement of showing an injury-in-fact. However, "[i]t is long settled in the law that the actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." Day v. Bond, 500 F.3d 1127, 1136 (10th Cir. 2007)

6

(internal quotations omitted); see also Linda R.S. v. Richard D., 410 U.S. 614, 617 n.3 (1973) ("Congress may enact statutes creating legal rights, the invasion of which creates [constitutional] standing, even though no injury would exist without the statute.").

Defendant has not cited any legal authority that would support a finding contrary to this well-settled principle. In fact, at least four district courts have determined that an alleged violation of the EFTA constitutes an injury sufficient to confer standing, even in the absence of actual damages. See Sucec v. The Greenbriar, No. 5:11-cv-00968, 2012 WL 3079212, at *1 (S.D.W. Va. July 30, 2012) (adopting report and recommendation recommending denial of motion to dismiss and finding that plaintiff had standing to sue for EFTA violation "though he may have no actual damages"); Campbell v. Hope Cmty Credit Union, No. 10-2649-STA, 2012 WL 423432, at *3 (W.D. Tenn. Feb. 8, 2012) ("Plaintiff has standing by virtue of the alleged invasion of her statutory right to notice of the ATM fee pursuant to ETFA."); Kinder v. Dearborn Fed. Sav. Bank, No. 10-12570, at *2 (E.D. Mich. Dec. 20, 2011) (denying motion to dismiss and finding standing based on alleged violation of EFTA); In re Regions Bank ATM Fee Notice Litig., No. 2:11-MD-2202-KS-MTP, 2011 WL 4036691, at *4 (S.D. Miss. Sept. 12, 2011) ("Congress created a statutory right to a particular form of notice, and Plaintiffs allege that Defendant did not provide it. That is a concrete, particular injury.").

The Court finds that the plain language of the EFTA authorizes a plaintiff's recovery of statutory damages if successful on an EFTA claim. Thus, the statute is properly read in favor of the rights of consumers in plaintiff's position to bring a claim for statutory damages even in the absence of actual damages. The alleged violation of the statute creates a concrete, particular injury-in-fact and defendant's motion must be denied.

**B.     Defendant's Motion to Stay**

Defendant requests that, should its motion to dismiss be denied, the Court stay this proceeding pending the issuance of a decision by the United States Supreme Court in First Am. Fin. Corp. v. Edwards, No. 10-708 (U.S. cert. granted June 20, 2011), because that decision "should clarify the standing requirements in cases where the claim is purely for statutory penalty damages . . . ." Dkt. # 6 at 2. Since defendant filed its motion, the Supreme Court dismissed the appeal in First Fin. Corp. v. Edwards, 132 S.Ct. 2536 (2012), and held that the writ of certiorari was improvidently granted. Thus, defendant's motion to stay is deemed moot.

**C.     Defendant's Motion for Summary Judgment**

Defendant's motion reiterates its argument that plaintiff does not have standing to sue because she cannot demonstrate an injury-in-fact. As noted above, the alleged violation of the EFTA creates an injury-in-fact and plaintiff has standing to sue. Defendant has not presented any evidence in its summary judgment motion that would alter that conclusion. Thus, defendant's motion for summary judgment based on the theory that plaintiff lacks standing is denied.

Defendant also argues that it is entitled to summary judgment because the undisputed facts demonstrate that "the physical fee notice it had posted on the Subject ATM was removed by a third party." Dkt. # 16 at 9. The EFTA provides that, if the ATM operator has posted the required notice and "the notice is subsequently removed, damaged, or altered by any person other than the operator of the automated teller machine, the operator shall have no liability under this section for failure to comply with [the notice provisions] of this title." 15 U.S.C. § 1693h(d). Defendant argues that Deramus and Torix's affidavit testimony shows unequivocally that defendant placed the required notice on the ATM and that no employee of ONB removed the notice. Plaintiff responds by stating

that, because no formal discovery has yet occurred in this case, she has not had an opportunity to investigate the claims of defendant's witnesses. The Court notes that a scheduling order has not yet been entered.

The Tenth Circuit has held that "discovery is strongly favored before summary judgment is granted . . . ." Bryant v. O'Connor, 848 F.2d 1064, 1068 (10th Cir. 1998). However, "where a plaintiff fails to produce any specific facts whatsoever to support an allegation, a district court may, in its discretion, refuse to permit discovery and grant summary judgment." Id. (internal quotations omitted). Defendant's argument in the present case rests on its assertion that no employee of defendant removed the notice from the ATM. However, plaintiff has not been afforded the opportunity to question the witnesses who make this assertion, nor has plaintiff been given the opportunity to review defendant's records pertaining to the investigation conducted by those witnesses. The issue of who did or did not remove the fee notice is a question of fact. Because the dispositive issue is a question of fact, the Court declines to exercise its discretion to decide the summary judgment motion in the absence of any discovery. While defendant argues that "no amount of discovery by Zabienski will overcome the conclusive evidence that establishes" defendant's exemption from liability, the Court prefers not to take counsel's word for it, but instead to allow that discovery to take place. Given the procedural posture of this case and the dispositive issues presented, summary judgment is premature. See Owens v. City of Okla. City, 35 F.3d 574 (10th Cir. 1994) (holding that district court's entry of summary judgment was premature where no "reasonable discovery" had been completed); Tholen v. Ostler, No. 2:07CV645DAK, 2008 WL 4446673, at *11 (D. Utah Sept. 26, 2008) ("summary judgment on such a fact sensitive issue is premature in light of outstanding discovery on the issue").

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Dkt. # 5) is **denied**, Defendant's Alternative Motion to Stay (Dkt. # 6) is **deemed moot**, and Defendant's Motion for Summary Judgment and Brief in Support (Dkt. # 16) is **denied** without prejudice with the right to renew at the completion of discovery. Because defendant's motion for summary judgment is denied, plaintiff's pending motion to complete discovery before further responding to the summary judgment motion (Dkt. # 17) is **deemed moot**.

**DATED** this 20th day of August, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE